UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTINA MAE CASEY and<br>JENNIFER CHRISTINE JOHNSON,<br><br>Plaintiffs,<br><br>v.<br><br>MIDWEST TITLE SERVICE, INC,<br>and JAMEE SUAREZ HOWARD,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 06-CV-0435-CVE-FHM<br>)<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

Now before the Court is Plaintiffs' Motion and Supporting Brief to Remand (Dkt. # 17). Plaintiffs argue that the have not asserted any claims that invoke federal question jurisdiction and removal was improper under 28 U.S.C. § 1441.

**I.**

Plaintiffs were employees of Midwest Title Service, Inc. ("Midwest Title"). Jennifer Johnson was employed as a processor since February 1999 and Christine Casey had been working as a closing specialist since June 2004. In December 2004, Casey discovered that Midwest Title may be engaging in illegal activity, and she informed an employee at First American Title Insurance Company, Sue Bailey, of her concerns. Bailey stated that she would keep Casey's concerns confidential, but Bailey informed H. Gregory Maddux, Midwest Title's attorney, of Casey's allegations. On May 4, 2005, Casey was fired by Midwest Title and she believes that her employment was terminated because of her allegations of improper conduct by Midwest Title.

Casey applied for and received unemployment benefits following her termination. Midwest Title appealed the Oklahoma Employment Security Commission's ("OESC") decision to grant unemployment benefits and the OESC held a hearing on June 29, 2005 regarding Casey's claim. At the hearing, Johnson testified on Casey's behalf. Johnson alleges that Jamee Suarez and other Midwest Title employees harassed and threatened her because she testified for Casey. On July 6, 2005, Johnson claims that she had no other choice but to quit her job at Midwest Title, because the workplace environment had become intolerable.

Casey and Johnson filed this lawsuit in state court against Suarez and Midwest Title alleging wrongful termination in violation of the public policy of Oklahoma and intentional infliction of emotional distress. Defendants removed the action to federal court on the basis of federal question jurisdiction, because of plaintiffs' allegations that "Oklahoma and federal law prohibits the discharge of employees engaged in the activity of reporting and preventing wrongful and illegal conduct by their employer." Dkt. # 2, Petition, at 4-5. Defendants argue that a claim for wrongful discharge in violation of public policy can not be premised on a violation of federal law and, therefore, plaintiffs must have intended to bring a claim under federal statute rather than a <u>Burk</u> tort. Plaintiffs respond that the complaint clearly articulates state law claims only, and that their claims do not arise under federal law.

**II.**

Federal courts have subject matter jurisdiction to hear "all civil actions arising under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331. When deciding whether a case arises under federal law, the court must follow the well-pleaded complaint rule, "under which a suit arises under federal law 'only when the plaintiff's statement of his own cause of action shows that

it is based' on federal law." Schmeling v. NORDAM, 97 F.3d 1336, 1339 (10th Cir. 1996) (quoting Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908)). Federal courts do not have subject matter jurisdiction when a federal law issue arises only as a defense to plaintiff's claims. Franchise Tax Bd. of State of California v. Constr. Laborers Vacation Trust for Southern California, 463 U.S. 1, 10-11. Although the plaintiff is generally considered the master of his complaint, "under the artful pleading doctrine, however, a plaintiff may not defeat removal by failing to plead federal questions that are essential elements of the plaintiff's claim." Turgeau v. Admin. Review Bd., 446 F.3d 1052, 1060 (10th Cir. 2006). However, removal statutes are construed narrowly and defendant bears the burden to prove the existence of federal subject matter jurisdiction. Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1094-95 (10th Cir. 2005); Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289-90 (10th Cir. 2001).

In Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804 (1986), the Supreme Court significantly narrowed the scope of federal question jurisdiction over state law claims. The Court held that district courts do not have federal question jurisdiction over a state law cause of action when the plaintiff relies of federal law as an element of a her claim, unless federal law creates a private cause of action for the alleged violation. Id. at 816-17. The defendant in Merrell Dow attempted to remove a case to federal court based on plaintiff's allegations that defendant's actions were negligent per se under the federal Food, Drug and Cosmetic Act ("FDCA"). Plaintiff's claim for negligence was clearly a state law claim, and even though plaintiff cited the FDCA as one basis for liability, federal law was simply used as an element of a state law claim. This was not sufficient to create federal question jurisdiction, because Congress did not intend to allow private litigants to assert federal claims under the FDCA. Id. at 816.

In this case, plaintiffs did refer to federal law to support their claims for wrongful discharge under Oklahoma law. However, even defendants acknowledge that a wrongful discharge claim, or Burk tort, must be based on a state law or policy. See Dkt. # 18, at 2-3; see also Richmond v. ONEOK, Inc., 120 F.3d 205, 210 (10th Cir. 1997); McKenzie v. Renberg's Inc., 94 F.3d 1478, 1487 (10th Cir. 1996); Griffin v. Mullinix, 947 P.2d 177, 179 (Okla. 1997). This Court has previously held that removal is not proper when a plaintiff refers to federal law in support of a Burk tort, even if the state court would have to rely on federal precedent in order to rule on plaintiff's claim. Heckelmann v. Piping Companies, Inc. 904 F. Supp. 1257, 1262 (N.D. Okla. 1995). The artful pleading doctrine does not apply. Even though plaintiffs may be able to state a claim under federal law, the claims they pled do not arise under federal law. See Rains v. Criterion Systems, Inc., 80 F.3d 339, 244-45 (9th Cir. 1996) (remanding wrongful discharge claim under California law that was partially based on Title VII, because plaintiff had elected to pursue state law claims only). State law, not federal law, creates plaintiffs' claims for relief, and federal law does not completely preempts plaintiffs' state law claims. See Schmeling, 97 F.3d at 1343-44 (federal law did not completely preempt Oklahoma law creating claim related to drug testing of employees).

The mere fact that plaintiffs could have filed a federal law claim does not create federal question jurisdiction, nor does the fact that plaintiffs' wrongful discharge claims reference federal law convert plaintiffs' state law claims into federal claims. Defendants can raise their arguments related to the scope of a Burk tort in a motion to dismiss in state court if they believe plaintiffs' wrongful discharge claims should be dismissed. The complaint does not specify what federal law

may be at issue, but the complaint is clear that plaintiffs' claims are based on state law.[1] Vague references to federal law in the complaint and notice of removal will not suffice to create federal question jurisdiction, especially when defendants have the burden to prove that federal subject matter jurisdiction exists. Based on the complaint and notice of removal, the Court concludes that federal question jurisdiction is not present and the case must be remanded to state court.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion and Supporting Brief to Remand (Dkt. # 17) is **granted**. The Court hereby orders the Court Clerk to **remand** this case to the District Court in and for Tulsa County.

**DATED** this 4th day of October, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Defendants suggested that the Court order plaintiffs to file a more definite statement of their claims pursuant to Fed. R. Civ. P. 12(e). Because the Court finds that it lacks subject matter jurisdiction over this case, the Court denies defendants' suggestion.

5